IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS



JEFFREY B. COHEN,
    Plaintiff,

v.                             Case No. 18-C-5766

DANIEL FREED, et al.,
    Defendants.

## MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Jeffrey Cohen, pro se ("Cohen") asks the Court to alter or amend its September 21, 2018 Order, as authorized by Fed. R. Civ. Pro. 59.

### I. INTRODUCTION

1. Cohen is currently incarcerated in a federal facility in West Virginia, pending his Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 (United States v. Cohen, 1:14-CR-310, ECF 685, (D. Md.).

2. Cohen seeks equitable relief against Defendants for court access violations and defamation related to an impending broadcast of a television show that, if aired, will irreparably harm him.

3. In his cover letter to the Clerk, sent with the initial Complaint on August 17, 2018, Cohen specifically requested the applicable paperwork to proceed in forma pauperis. Cohen stated that his familiarity with the process supported an assumption that this district would have its own application. Although the matter was docketed, no IFP paperwork was sent to Cohen.

4. On September 14, 2018, Cohen received the court's September 11th Order dismissing the matter for failure to submit the IFP application (ECF 4). That same day, Cohen sent a letter to the Court stating that he had no access to

district court forms, and he reiterated that he had requested the applicable IFP paperwork from the Clerk. Cohen added to the letter that he was able to procure a copy of the IFP application from another inmate and on September 5, 2018 he submitted the IFP paperwork in addition to a Motion for Preliminary Injunction seeking to enjoin the rapidly approaching broadcast.

5. Included in the Sep. 5th letter was a copy of a recent Order from the district court of Maryland in which he was granted IFP status in another matter. That court granted his IFP status "subject to later assessment of an initial partial filing fee". This has been the norm to which Cohen has been accustomed to in federal cases.

6. On September 21, 2018, the Court denied Cohen's IFP application and demanded the full payment of $400 in order to proceed with the matter. The Motion for Preliminary Injunction has not been addressed by the Court.

## II. ARGUMENT

7. Due to the high number of actions without merit screened by the Court, its lack of patience with suits brought by prisoners is understandable. But not all suits by prisoners seek their pound of flesh. Prior to Cohen's predicament, he was a proud employer of many individuals in the Chicago area, he remitted vast amounts of federal and local taxes; as a taxpayer, Cohen appreciates the Court's screening.

8. Cohen requested to proceed IFP because at the current time, he does not have sufficient assets to pay the full amount of the $400 filing fee. Cohen does not seek to avoid the filing fee, but the Court's refusal to proceed with this matter without full payment of the fee will close the door to the courthouse on his meritorious and time-sensitive action.

9. As the Court detailed in its Sep. 21st Order, Cohen has sufficient assets to accomodate the 20% statutory payment pursuant to 28 U.S.C. § 1915(b). Cohen has proceeded IFP in other federal and state matters in which the courts have followed statutes requiring applicable partial payments and subsequent payment

plans. He asks the same in this matter.

10. The Court correctly points out that Cohen has received—on average—about $364 per month. But as the prison account statement shows, he does not have adequate funds to fully pay the initial fee at the current time. Also, what the Court is unable to see in the statements is that more than half of Cohen's monthly pittance goes to paying for federal legal case law, copies, postage, and typing supplies for his various litigated matters—hardly a squandering of assets as eluded to by the Court. Cohen's indigence is not by choice, if he had the full filing fee, he would gladly tender it to the Court for this action.

11. The Court's citations in its Sep. 21st Order are factually distinguishable and not controlling. Oddly, the Court truncates the Sanders v. Melvin[1] cite to force an improper reasoning. The Court implied that Cohen "can save up...and pay the filing fee". But, the applicable cite is inapposite to the instant matter. In Sanders, the Seventh Circuit stated in dictum "Prisoners facing long-term psychological problems can save up during that **long term** and pay the filing fee." Id. at 960 (emphasis added). Cohen's need for this action is immediate to protect his interests, to await a "long term" would nullify his current need for court protection and intervention.

12. Because Cohen has the ability to remit the partial filing fee as provided for in 28 U.S.C. § 1915(b), to leave the Order as it stands, would cause clear error and manifest injustice. Duran v. Town of Cicero, 653 F.3d 632, 642 (7th Cir. 2011); see also Flowers v. Turbine Support Div., 507 F.2d 1242, 1244 (5th Cir. 1975) (court must not arbitrarily deny application on erroneous grounds). Plus, the statute states that Cohen wil not be prohibited from bringing a civil action as a result of his inability to pay the initial filing fee. See 28 U.S.C. § 1915(b)(4).

13. Cohen asks the Court to alter or amend its Order and permit the matter to proceed based on the statutorily permitted payment of a partial filing fee.

---

[1] 873 F.3d 957 (7th Cir. 2017)

14. In addition, Cohen asks the Court to issue an Order to maintain the status quo and suspend the broadcast of the television production at issue until the preliminary issues can be resolved. Failure to do so will irreparably harm Cohen, and Defendants will not be prejudiced; see Motion for Preliminary Injunction which is incorporated by reference as if fully stated herein. A temporary suspension would be a proper exercise of the Court's equitable authority.

WHEREFORE, Cohen requests that the Court alter or amend its Order pursuant to the arguments asserted above and issue an Order to maintain the status quo until all preliminary issues are resolved.

Cohen advises the Court that he is available via teleconference for any hearings the Court wishes to schedule.

Respectfully submitted on September 30, 2018.

Jeffrey Cohen
Plaintiff, pro se
58021-037
PO Box 5000
Bruceton Mills, WV 26525


NOTICE OF SERVICE

I declare that a copy of the foregoing Motion to Alter or Amend was served on the unrepresented Defendants via First Class U.S. Mail, postage prepaid on September 30, 2018.

Jeffrey Cohen

4

J. Cohen
58021-037
Federal Correctional Institution Hazelton
PO Box 5000
Bruceton Mills, WV 26525



PITTSBURGH PA 150

04 OCT 2018 PM 1 L



2018 OCT 10 AM 9:30
CLERK
U.S. DISTRICT COURT

The Honorable Thomas M. Durkin
United States District Court
219 S. Dearborn St.
20th Floor
Chicago, IL 60604



10/10/2018-20

LEGAL MAIL

60604-189420